# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL THOMAS DEWEY,

               Plaintiff,

v.

DR. LORI WACHHOLZ,

               Defendant.

Case No. 24-CV-346-JPS

**ORDER**

Plaintiff Michael Thomas Dewey, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 16, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $7.39. ECF No. 7. Plaintiff paid that fee on June 11, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying

the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that Defendant Lori Wachholz ("Wachholz") violated his right to proper medical care. ECF No. 1 at 2. On August 29, 2023, Wachholz saw Plaintiff in HSU for the removal of his D4 toenail on his right foot. *Id.* Prior to removing the D4 toenail, Waccholz mistakenly removed the D3 toenail instead on Plaintiff's right foot. *Id.* Plaintiff did not give Waccholz permission to remove his D3 toenail. *Id.* Plaintiff experienced pain and discomfort as a result of this removal. *Id.* Plaintiff wrote to HSU about this incident and he was seen by a nurse who treated the area and applied clean bandages. *Id.* at 2–3. Plaintiff was in extreme pain this entire time, and Plaintiff exhausted his administrative remedies. *Id.* at 3.

### 2.3 Analysis

The Court finds that Plaintiff may not proceed against Wachholz on an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison

Page 3 of 6
Case 2:24-cv-00346-JPS   Filed 06/18/24   Page 3 of 6   Document 10

officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). Deliberate indifference requires "[s]omething more than negligence or even malpractice." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Here, the Court does not find that Plaintiff states sufficient factual allegations to proceed against Wachholz for an Eighth Amendment deliberate-indifference claim. Plaintiff alleges that Wachholz *mistakenly* removed his D3 toenail as opposed to his D4 toenail. Plaintiff's allegations at most show negligence or malpractice, but nothing indicates that Defendant knew her action was wrong. An Eighth Amendment claim requires more than the negligence alleged here. The Court acknowledges that what happened to Plaintiff was incredibly unfortunate; however, he nonetheless fails to state an Eighth Amendment claim for deliberate indifference. As indicated, Plaintiff may state a state-law negligence claim. However, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim.

The Court will dismiss this case without prejudice. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, courts need not do so where the amendment would be futile. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018). Plaintiff's complaint is thorough in its allegations of facts surrounding this claim, so the Court therefore finds that further amendment would be futile. As such, the Court will dismiss this case without prejudice for a lack of subject-matter jurisdiction, and Plaintiff may choose to pursue a negligence claim in state court.

3.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for a lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $342.61 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.